Filed 1/5/26  Edel v. City of West Hollywood CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GLORIA EDEL,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>CITY OF WEST HOLLYWOOD,<br><br>      Defendant and Respondent. | B334622<br><br>(Los Angeles County Super. Ct. No. 20STCV01489) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lisa Jaskol, Judge.  Affirmed.

David Zarmi for Plaintiff and Appellant.

Bordin Semmer LLP, Joshua D. Bordin-Wosk for Defendant and Respondent.

_____

Appellant Gloria Edel sought to hold the City of West Hollywood (the City) liable for injuries she sustained in a single vehicle accident.  Edel alleged the accident was caused by a dangerous condition of public property or negligence of a public employee or public contractor.  The City successfully moved for summary judgment on the basis that it had no actual or constructive notice of a dangerous condition.  We affirm.

## FACTUAL BACKGROUND

Hammond Avenue is a public street owned, controlled and maintained by the City.  Concrete traffic bollards (bollards) are located on Hammond Avenue just north of Harrat Street.  A city employee daily raises the bollards to restrict traffic between 7:00 p.m. and 7:00 a.m., and lowers them at the end of the restriction period

Edel was driving her car along Hammond Avenue in the City at 9:05 a.m. on a weekday morning when she collided with a bollard protruding from the street surface.

The City regularly inspects its streets, including Hammond Avenue.  Prior to Edel's accident, the City had no knowledge that a bollard had risen outside of the restriction period.  Although she could not be certain, Edel believed the condition had to exist for at least two hours before her accident.

## PROCEDURAL BACKGROUND

Edel's third amended complaint alleged two causes of action: liability against the City for a dangerous condition of public property, namely, the bollard protruding from the street surface at the wrong time of day; and negligence against the City and an unidentified independent contractor for design, construction, maintenance, repair, operation and failure to warn of that dangerous condition.  The City answered, and later moved for summary judgment.

2

The City premised its motion on its lack of actual or constructive notice of the dangerous condition Edel alleged caused her injuries.. Moreover, because a negligence claim may not be premised on a dangerous condition of public property, the City could not be held liable for its negligence or the negligence of an independent contractor.

Edel argued that the City was on constructive notice because the bollard was not installed in compliance with the California Manual on Uniform Traffic Control Devices. It lacked reflective striping, which could have prevented collisions by warning motorists of the protruding bollard, and directional signals incorrectly indicated it was safe to proceed when the bollard was raised. Despite these issues, the City employee(s) responsible for raising and lowering the bollards every day never reported that maintenance or repair was needed. Edel argued that no further proof was required to charge the City with notice of this dangerous condition.

The trial court denied Edel's request for judicial notice of a 1978 Manual on Uniform Traffic Control Devices submitted in support of her motion because there was no showing the manual had been adopted in California. The court concluded the City carried its initial burden to demonstrate a lack of actual or constructive notice of a dangerous condition. The burden shifted to Edel to demonstrate a triable issue of material fact. The court rejected her argument that the absence of reflective striping created the danger, and instead focused on the theory advanced in her third amended complaint that the dangerous condition was the bollard protruding into the street at the wrong time. On this theory, Edel failed to raise a triable issue of fact on actual or constructive notice. Since the remedy for a dangerous condition of public property is exclusive, summary judgment was also proper on Edel's negligence claim.

3

Edel's appeal is timely.

## DISCUSSION

### I.    The Standard of Review

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)  Summary judgment is appropriate only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ, Proc. § 437c, subd. (c).)  A defendant moving for summary judgment must show "that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc. § 437c, subd. (p)(2).)  "Once the [defendant] has met its burden, the opposing party bears the burden of presenting evidence that there is any triable issue of fact as to any essential element of a cause of action. " (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1485.)  We accept as true both the facts shown by the losing party's evidence and reasonable inferences from that evidence.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 856.)

But "[t]he pleadings play a key role in a summary judgment motion. ' "The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues" ' and to frame 'the outer measure of materiality in a summary judgment proceeding.' [Citation.]  As our Supreme Court has explained it: 'The materiality of a disputed fact is measured by the pleadings [citations], which "set the boundaries of the issues to be resolved at summary judgment." ' [Citations.] Accordingly, the burden of a defendant moving for summary judgment only requires that he or

4

she negate plaintiff's theories of liability *as alleged in the complaint;* that is, a moving party need not refute liability on some theoretical possibility not included in the pleadings." (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493 [Emphasis in original.].)

## II.    Dangerous Condition of Public Property

The California Tort Claims Act (Gov. Code § 810, et seq.) (the Act) allows private tort actions against government entities and employees when permitted by statute, but otherwise retains the general concept of governmental immunity.[1] (§ 815.) Section 835 provides that a public entity can be liable for injury caused by a dangerous condition of its property. Edel's third amended complaint alleges that Hammond Avenue, where the accident occurred, "was in a dangerous condition when a concrete post was blocking the middle of the street at a time when it should have been tucked away." Accordingly, we must consider whether the protruding bollard at 9:05 a.m., when traffic was allowed to proceed along Hammond Avenue, was a dangerous condition within the meaning of the Act.

The Act defines a dangerous condition of public property as one "that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property [ ] is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) A dangerous condition is proven when "the plaintiff establishes that the [public] property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and

---

[1]    Unless otherwise stated, further statutory references are to the Government Code.

either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition under section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (§ 835.) Section 835.2 provides that a public entity has knowledge of a dangerous condition when it has actual knowledge of a condition of property and should know of its dangerous character, or when a condition has existed for such a period of time that an entity exercising due care should have known of the condition and that it was dangerous.

Edel's third amended complaint does not allege that any particular City employee created the condition that caused her injuries due to negligence or a wrongful act. Nor does she allege that a particular City employee had actual knowledge of the property's condition at or before the time of her accident. Instead, she alleges the City's failure to maintain or inspect the concrete bollard to ensure it was working properly allowed the dangerous condition to exist for an unreasonable length of time. Accordingly, we will assess whether the City had sufficient notice of the malfunctioning traffic control device to provide it constructive notice of a dangerous condition as required under section 835.2.

III. **Constructive Notice of the Dangerous Condition.**

"To establish constructive notice under section 835.2, subdivision (b), a plaintiff must show the dangerous condition 'existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character.' Put another way, '[a] claim for constructive notice has two threshold elements. [Citation.] A plaintiff must establish that the

6

dangerous condition has existed for a sufficient period of time and that the dangerous condition was obvious.' [Citation.] 'Where the plaintiff fails to present direct or circumstantial evidence as to either element, his claim is deficient as a matter of law.' [Citation.]" (*Maskimow v. City of South Lake Tahoe* (2024) 106 Cal.App.5th 514, 524 (*Maskimow*).)

We accept for purposes of our analysis that a malfunctioning bollard is an obviously dangerous condition. The problem for Edel is the absence of any evidence the bollard on Hammond Avenue had ever previously malfunctioned. The City had no prior reports of it ever being in the wrong position. While it was in the wrong position at 9:05 a.m. on the day of Edel's accident, there is no evidence City officials were aware of this malfunction, despite the City's regular inspections of the location. The most that can be reasonably inferred on this record is that the traffic bollard malfunctioned at or shortly after 7:00 a.m. on the day of the accident, roughly two hours before Edel collided with the bollard. This is simply not a sufficient period of time to charge the City with constructive notice.

The reported cases say as much. In *Maskimow*, *supra*, 106 Cal.App.5th 514, the court concluded that an icy patch on a public parking lot, said to have caused the plaintiff's fall, could have been present for a short as 11 hours or as long as 11 days, and did not exist for a sufficient period of time to impart constructive notice of its dangerousness. (*Id.* at pp. 527–528.) So too here. This case, just like *Maskimow*, involves a condition that can be considered transitory. It existed for a period in time, and there is no evidence that it occurred previously or persisted after Edel's accident. A jury in this case "would be left to guess whether the dangerous conditions were present for 'such a period of time' that the City could have discovered them in the exercise of due care. (§ 835.2, subd. (b).) Such an invitation to guesswork

7

falls short of raising a triable issue of material fact." (*Maskimow, supra,* 106 Cal.App.5th at p. 528..)

We will not address Edel's theory that the lack of reflective striping on the bollard was a dangerous condition that contributed to her accident. It was not alleged in her third amended complaint, and is beyond the scope of issues the court was required to address on summary judgment. (*Hutton v. Fidelity National Title Co.* supra. 213 Cal.App.4th at p. 493.)

Because liability under section 835 is the exclusive means to hold a public entity liable for a dangerous condition of public property, Edel's inability to show constructive notice of the condition or identify a negligent City employee who caused it are fatal to her complaint. (§ 835; see also *Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 829–830.)

## DISPOSITION

The judgment is affirmed. The City may recover costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
SIGGINS*

We concur:

_____, P. J.
LUI

_____, J.
RICHARDSON

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8